IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

JEROME MITCHELL,

        Petitioner,

v.                                              CIVIL ACTION NO. 3:16-CV-162
                                                         (GROH)

WARDEN SAAD,

        Respondent.

### REPORT AND RECOMMENDATION

### I. INTRODUCTION

On November 28, 2016, the *pro se* Petitioner filed an Application for Habeas Corpus pursuant to 28 U.S.C. §2241. ECF No. 1.[1] At the time this matter was filed, Petitioner was a federal inmate housed at FCI Gilmer. The docket sheet reflects that FCI Gilmer is Petitioner's mailing address. However, a review of the Bureau of Prisons inmate locator search shows that Petitioner is currently housed at Bennettsville FCI in Bennettsville, South Carolina. Petitioner is challenging the conditions of his confinement following his conviction in the United States District Court for the Southern District of Ohio (S.D.Ohio) case number 1:07-CR-50. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule of Prisoner Litigation Part 2.

---

[1] ECF Numbers cited herein refer to case number 3:16-CV-162 unless otherwise noted.

1

## II. FACTUAL AND PROCEDURAL HISTORY

### A.   Petitioner's Underlying Conviction[2]

On April 18, 2007, a grand jury indicted Petitioner and charged him with two counts of being a felon who unlawfully possessed ammunition (Counts 1 and 2) and with two counts of possession of crack cocaine with intent to deliver a controlled substance (Counts 3 and 4). ECF No. 11. On September 18, 2007, Petitioner entered a guilty plea to all counts of the indictment. ECF No. 37. On January 23, 2008, the court sentenced Petitioner to a term of imprisonment of 120 months for Counts 1 and 2, and to 240 months for Counts 3 and 4, all of which were to be served concurrently to one another. ECF No. 48. A judgment of conviction was entered on January 24, 2008. ECF No. 49. Following an appeal to the Court of Appeals for the Sixth Circuit, the District Court entered an Amended Judgment which sentenced Petitioner to a term of imprisonment of: 120 months each for Counts 1 and 2; 240 months for Counts 3; and 151 months for Count 4, all of which were to be served concurrently to one another. ECF No. 60.

### B.   The Instant Habeas Corpus Proceeding Filed under 28 U.S.C. § 2241

On November 28, 2016, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. The Petitioner's sole ground for relief is that he suffered a violation of his due process rights based on a condition of

---

[2] In this section, II.A., all ECF numbers referred to are for case number 1:07-CR-50 from the Southern District of Ohio.

confinement, specifically his placement in the Special Housing Unit ("SHU")[3] at FCI Gilmer. ECF No. 1 at 9, 5. Petitioner argues that his placement in solitary confinement "presents a harsher punishment by limiting certain liberties an inmate would normally have," including rehabilitation programs, work detail, chapel services, exercise, telephone and email access, and contact visits. ECF No. 1-1. For relief, Petitioner requests that he be appointed representation. ECF No. 1 at 8.

### III. STANDARD OF REVIEW

#### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

#### B. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards that formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is

---

[3] Petitioner variously describes his placement as the "segregation/solitary housing unit" [ECF No. 1 at 5] or "segregation/solitary confinement" [ECF No. 1-1] but it appears that he refers to the Special Housing Unit.

required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d) is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

    **C.**    **Habeas Corpus Petitions Filed Pursuant to 28 U.S.C. § 2241**

"As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255. It is only when '§ 2255 proves inadequate or ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief under § 2241." Rice v. Rivera, 617 F.3d 802 (4th Cir. 2010) (internal citations omitted). "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997)

(en banc) (internal citations omitted).  The Fourth Circuit established a three-part test in In re Jones, 226 F.3d 328 (4th Cir. 2000):

> [W]e conclude that § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

"Under the Jones rule a federal prisoner is entitled to pursue a § 2241 motion only when he had no opportunity to utilize a § 2255 motion to take advantage of a change in the applicable law."  Rice, supra, 617 F.3d at 807.

### IV. ANALYSIS

Petitioner has sought relief pursuant to 28 U.S.C. § 2241 arguing that his conditions of confinement constitute a violation of his due process rights.  The Supreme Court has held that a civil rights action pursuant to 42 U.S.C. § 1983 or Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), "is a proper remedy for a [ ] prisoner who is making a constitutional challenge to the conditions of his prison life."  Preiser v. Rodriguez, 411 U.S. 475, 499 (1973).  See Braddy v. Wilson, 580 Fed. Appx. 172 (2014).  The instant petition is just such a claim: Petitioner claims that his constitutional rights were violated as a result of the conditions under which he was confined.  Accordingly, his claim appears more properly brought in an action pursuant to

Bivens, supra, or the Federal Tort Claims Act. Notwithstanding the same, the Court recognizes that Petitioner is now an inmate at Bennettsville FCI in Bennettsville, South Carolina. In Rumsfeld v. Padilla, 542 U.S. 426, 442 - 43 (2006), the Supreme Court held that jurisdiction for a habeas corpus action under 28 U.S.C. § 2241 lies only in the district where the Petitioner is confined. Because Petitioner is no longer incarcerated in an institution located within the Northern District of West Virginia, this Court no longer has jurisdiction over this petition filed pursuant to 28 U.S.C. § 2241.

## V.  RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Petitioner's § 2241 petition be **DENIED and DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: February 27, 2018

*/s/ Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE